UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-589-H

MICHAEL ALLEN McCARTHY                                                              PLAINTIFF

V.

MHS TECHNICAL SERVICES, INC.                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On April 12, 2010, the Court met with *pro se* Plaintiff, Michael McCarthy, and counsel for Defendant to discuss this case. The case was filed as a racial discrimination case under Title VII of the Civil Rights Act and the U.S. Constitution.[1] Plaintiff also filed a companion case under the Fair Labor Standards Act which is designated as 3:09-CV-00053-H in the Western District of Kentucky. Because it was not readily apparent how the instant case would involve racial discrimination, the Court asked Plaintiff was to generally describe his complaints.

Plaintiff said that his claims arise from his termination from employment while working on the MHS Technical Services, Inc., project at UPS. Plaintiff was initially hired out of the union hall as a millwright. Upon arriving at the job site, Plaintiff allowed himself to be listed as a journeyman millwright even though he was credentialed only as an apprentice millwright. Consequently, for almost a year, Defendant paid Plaintiff the journeyman salary of

---

[1] The Plaintiff clearly intended to bring a claim under Title VII of the Civil Rights Act of 1964. Other language in the Complaint indicated that Plaintiff may also have intended to bring claims under the U.S. Constitution.

approximately $23.00 an hour, rather than the apprentice pay of approximately $16.00 an hour. Plaintiff admits that he was receiving journeyman's pay even though he was only an apprentice. In his defense, Plaintiff says that he thought this was the way things were normally done. The parties disagree about whether or not various supervisors of the Defendant may have known that Plaintiff was not qualified as a journeyman millwright.

In any event, certain officials of Defendant eventually became aware that Plaintiff was improperly receiving journeyman's pay. On or about April 1, 2008, these officials convened a meeting with Plaintiff to discuss the situation. The parties disagree on exactly what transpired at the meeting, but these disagreements are not material to solving the issues in this case. Everyone agrees that Plaintiff was not entitled to receive journeyman's pay. Defendant says that it offered Plaintiff continued employment at apprentice wages on the condition that he would pay back the overpayment of wages over a period of time. Plaintiff says that Defendant required him to pay back the overpayment of wages, which amounted to about $7,000, as a lump sum. Defendant says that Plaintiff refused its offer. Plaintiff says that no decision was made. In any event, the next day Defendant advised Plaintiff that he was terminated for having accepted the excessive pay.

The Court engaged in extensive conversation with Plaintiff and was not able to determine any allegation of racial discrimination or any basis for making such a claim. Indeed, Plaintiff reiterated several times that he is not making a claim for termination based on racial discrimination. Plaintiff merely said he was "told" that he should file a claim with the EEOC. This federal lawsuit followed that initial EEOC complaint. Plaintiff does say that he was denied his due process rights. However, in the circumstances in which Defendant terminated Plaintiff,

any such claim must be based upon the union contract provisions and not federal constitutional requirements for due process.

Defendant also noted that it has recently taken Plaintiff's deposition. During that deposition, Plaintiff disavowed any allegations of racial discrimination in his termination; his allegations were limited to due process violations. This representation is consistent with Plaintiff's own testimony during the conference on April 12.

It is always a difficult situation when a plaintiff pursues a claim in federal court without counsel. The Court went to great lengths to understand Plaintiff's real complaint. The Court explained the rules as they applied to this case and asked whether he had any questions. The Court believes that Plaintiff did not understand the significance of taking the excessive hourly wage and, giving him the benefit of the doubt, may have thought it to be acceptable. Most likely a misunderstanding occurred during the discussions on or about April 1, 2008. Regardless, the Court finds no basis whatsoever for claims of racial discrimination under federal statutory or constitutional law, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Complaint fails to state a claim under the federal statutory or constitutional law for racial discrimination and, therefore, the Complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Michael Allen McCarthy
    Counsel of Record